*276
 
 Daniei, Judge.
 

 After stating' the facts, proceeded aS ^°^ows :
 

 The question submitted for our determination is, whether tlie defendant had a riglit, barely on a motion founded on an affidavit, to have the plaintiffs suit dismissed ? The act of assembly passed in the year 1777, c. 2, declares that on actions brought in the Superior Courts, “ the plaintiff shall file his declaration, in the clerk’s « office, on or before the second day of the term to which
 
 *
 
 ‘ bis suit shall be brought, and serve the defendant with a “copy at least five days before the commencement of such «term, otherwise the action may be abated on the plea of “ the defendant.” Tiie same act in a subsequent section, declares that on actions brought in the County Courts, “ the plaintiff in every suit,
 
 shall
 
 fife his declaration on “the first day of the term or first calling of the cause in “court, and shall also serve the defendant or his attorney “ with a copy thereof, at least five days before the term.” If the plaintiff fails
 
 to file Ms declaration
 
 or to appear and prosecute his suit, the defendant may enter a
 
 non pros.
 
 By another act of the General Assembly, passed in the year 1786, it is declared “that every attorney when employedin any suit, in any of the courts of “this State, shall file his declaration in the clerk’s office, “ any time within the first three days of the term, to which “ the writ is made returnable, and on failure thereof such “suit shall be dismissed by the court at the cost of the “plaintiff.”
 

 In this case, the counsel for the plaintiff contends, that so much of the act of 1777, as requires a copy of the declaration to be served on the defendant, is repealed by the act of 1786, and that the plaintiffs having filed their declaration in the clerk’s office, within the three first days of the term, had done all that was required by the law.
 

 If the act of 1777 is repealed, there is an end of the question, and the defendants must fail. We deem it unnecessary to decide this point, because we are of the opinion, that if the part of the act of 1777, which bears on the case, is still in force the defendants cannot avail
 
 *277
 
 themselves of the benefit of it, by mere motion. The act authorises the defendant to
 
 non pros,
 
 the plaintiff on-Iy when the latter
 
 fails to file his declaration
 
 in the time prescribed, or fails to appear and prosecute his suit— It does not give him the authority, by mere motion, to
 
 non
 
 pros, the plaintiff because he has not served a copy of the declaration at least five days before the term. Upon actions brought in the Superior Courts, the act expressly
 
 requires,
 
 that the defendant should only avail himself of such an omission by plea in abatement. And although the act has not expressly stated how such an omission shall be taken advantage of in the County Courts, yet it is very clear it cannot be by a motion to dismiss the suit. "Wo think that in analogy to the requirements of the act, which regulates the practices in the Superior Courts, the defendants should only be permitted to avail themselves, by plea in abatement, of the omission of the plaintiffs to serve on them a copy of the declaration. We are therefore, of opinion, that the judgment rendered in the Superior Court ought to be affirmed.
 

 Per Curiam — Judgment affirmed. .